PEARSON, J.

FILED
2012 SEP 30 AM 10: 09

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| RAYMOND ALLEN SR., *etc.*, ) | |
| ) | CASE NO. 1:10CV0721 |
| Plaintiff, ) | |
| ) | |
| v. ) | JUDGE BENITA Y. PEARSON |
| ) | |
| SUN PHARMACEUTICAL ) | |
| INDUSTRIES, INC., *et al.*, ) | |
| ) | **ORDER** |
| Defendants. ) | [Resolving ECF Nos. 22 and 23] |

This product liability, wrongful death, and survivorship action is before the Court upon Defendants West-Ward Pharmaceutical Corp., Baxter Healthcare Corporation, and Baxter International Inc.'s Motion to Dismiss Plaintiff's First Amended Complaint (ECF No. 22). This action is also before the Court upon Defendants Sun Pharmaceutical Industries, Inc. and Caraco Pharmaceutical Laboratories, Ltd.'s Motion to Dismiss Plaintiff's First Amended Complaint (ECF No. 23). Both motions were filed on May 12, 2011.

This case was originally filed in the Cuyahoga County, Ohio Court of Common Pleas, being Case No. CV-10-718637. It was subsequently removed to this Court. On January 20, 2011, the above-entitled action was reassigned from Judge Kathleen M. O'Malley to the undersigned pursuant to General Order No. 2011-3.

(1:10CV0721)

On April 12, 2011,[1] Plaintiff Raymond Allen Sr., individually and as representative of the Estate of Alma J. Allen, filed a First Amended Complaint (ECF No. 20) against the following Defendants who allegedly manufacture or distribute Phenytoin, an FDA-approved prescription anti-seizure medication: Sun Pharmaceutical Industries, Inc. ("Sun"), Baxter Healthcare Corporation ("Baxter"), Baxter International Inc. ("Baxter International"), West-Ward Pharmaceutical Corp. ("West-Ward"), Caraco Pharmaceutical Laboratories, Ltd. ("Caraco"), and Does 1-20. It is alleged that Plaintiff's decedent, Alma J. Allen, was injured and eventually died as a result of side effects induced by Phenytoin. ECF No. 20 at ¶ 2. The First Amended Complaint (ECF No. 20) sets forth the following 16 claims for relief:

> First - Strict Products Liability Defective Manufacturing;
>
> Second - Strict Products Liability — Defective Manufacturing — Pursuant to Ohio Rev. Code § 2307.74;
>
> Third - Strict Products Liability Design Defect;
>
> (first) Fourth - Strict Products Liability Design Defect Pursuant to Ohio Rev. Code § 2307.75;
>
> (second) Fourth - Strict Products Liability — Defect Due to Inadequate Warning;[2]
>
> Fifth - Strict Products Liability — Defective Due to Inadequate Warning — Pursuant to Ohio Rev. Code § 2307.76;

---

[1] The Court previously ordered Plaintiff to "file his First Amended Complaint no later than 3/28/2011." Non-Document Order entered March 24, 2011. The Court subsequently granted Plaintiff's Motion to Accept Previously Filed Amended Complaint (ECF No. 25). *See* Non-Document Order entered June 15, 2011. Therefore, ECF No. 20 is now timely.

[2] Plaintiff has pled two separate Fourth Causes of Action.

2

(1:10CV0721)

    Sixth - Strict Products Liability Due to Non-conformance With Representations;

    Seventh - Strict Products Liability Due to Non-conformance With Representations — Pursuant to Ohio Rev. Code § 2307.77;

    Eighth - Negligence;

    Ninth - Breach of Express Warranty;

    Tenth - Breach of Implied Warranty;

    Eleventh - Negligent Representation and Fraud;

    Twelfth - Unjust Enrichment;

    Thirteenth - False Advertising;

    Fourteenth - Wrongful Death Pursuant to Ohio Rev. Code § 2125.01 *et. seq.*;

    Fifteenth - Survivorship; and

    Sixteenth - Punitive Damages.

Plaintiff also pleads a "Preservation Claim," in which he purports to preserve all claims under the Ohio Product Liability Act ("OPLA") to the extent they "eliminate or supercede, to any extent, state common law claims." ECF No. 20 at ¶ 138.

    On August 21, 2012, Sun and Caraco filed a Motion for Judgment on the Pleadings (ECF No. 30). The motion provides in relevant part:

> Sun and Caraco do not waive any arguments raised in their Motion to Dismiss. Rather, Sun and Caraco assert that the Supreme Court's decision in *Mensing* provides an alternative avenue for dismissing Plaintiff's lawsuit, thus making it unnecessary for this Court to rule on the arguments raised in Movants' Motion to Dismiss at this time. Should this Court decline to enter a judgment dismissing Plaintiffs' Amended Complaint in its entirety, Movants reserve the right to seek a ruling on their Motions to Dismiss or reassert the arguments raised therein.

ECF No. 30-1 at 8 n. 1.

(1:10CV0721)

On August 31, 2012, West-Ward filed a Motion for Judgment on the Pleadings (ECF No. 31). The motion provides in pertinent part:

> While all of Plaintiff's claims against West-Ward should be dismissed for the reasons set forth in West-Ward's Motion to Dismiss, the U.S. Supreme Court's holding in *Pliva, Inc. v. Mensing*, 131 S. Ct. 2567 (2011), decided just days after the Reply Brief for West-Ward's Motion to Dismiss was filed, provides yet another, independent ground for dismissing all of Plaintiff's claims against West-Ward – namely, because Plaintiff's claims are preempted by federal law.

ECF No. 31 at 3-4 (footnote omitted).

On September 24, 2012, Baxter International and Baxter filed a Motion for Joinder in West-Ward's Motion for Judgment on the Pleadings (ECF No. 35). The motion provides in relevant part:

> All of the Defendants have twice moved the Court to dismiss this action, with the first motion being denied after Plaintiff was allowed to amend his Complaint. [Baxter, Baxter International, and West-Ward]'s Joint Motion to Dismiss Plaintiffs First Amended Complaint [Docket No. 22] is currently [ ] pending before the Court. [Baxter International and Baxter] do not waive any arguments raised in the Joint Motion to Dismiss. Rather, [Baxter International and Baxter] assert that the Supreme Court's decision in *Mensing* provides an alternative avenue for dismissing Plaintiff's lawsuit, thus making it unnecessary for this Court to rule on the arguments raised in the Joint Motion to Dismiss at this time. Should this Court decline to enter a judgment dismissing Plaintiffs' Amended Complaint in its entirety, [Baxter International and Baxter] reserve the right to seek a ruling on their Motion to Dismiss or reassert the arguments raised therein.

ECF No. 35 at 2 n. 1.

Accordingly, Defendants West-Ward Pharmaceutical Corp., Baxter Healthcare Corporation, and Baxter International Inc.'s Motion to Dismiss Plaintiff's First Amended Complaint (ECF No. 22) and Defendants Sun Pharmaceutical Industries, Inc. and Caraco

4

(1:10CV0721)

Pharmaceutical Laboratories, Ltd.'s Motion to Dismiss Plaintiff's First Amended Complaint (ECF No. 23) are denied without prejudice to refiling at a later date, if necessary.

Lead counsel of record and the parties are reminded that this case is set for a Telephonic Conference on Tuesday, October 2, 2012, at 12:00 p.m. Noon. Plaintiff's Counsel is to setup the conference call. *See* ECF No. 34.

IT IS SO ORDERED.

9/30/2012
Date

Benita Y. Pearson
United States District Judge